IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JEREMY BURKHALTER,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　)　　Case No. 4:18-CV-00317-SNLJ
　　　　　　　　　　　　　　　　)
JEFF NORMAN,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　　)

## MEMORANDUM AND ORDER

This case is a Petition under 28 U.S.C. § 2254 for writ of habeas corpus. Petitioner Jeremy Burkhalter is an inmate at the South Central Correctional Center in Licking, Missouri. In 2013, Burkhalter pleaded guilty to first-degree tampering and felony resisting arrest. The circuit court allowed Burkhalter a pre-sentence diversion and an opportunity to participate in a drug court program. While in the drug court program, Burkhalter committed a new crime, and the circuit court sentenced as a prior and persistent offender to fifteen years' imprisonment for tampering and three years' imprisonment for resisting arrest. The court ordered Burkhalter's sentences to run consecutively.

In his petition, Burkhalter raises three grounds for relief: 1) that his plea counsel was ineffective for failing to object when the plea court used

1

Burkhalter's comments at sentencing to punish him in violation of his right
to free speech; 2) that the plea court improperly sentenced him as a prior and
persistent offender and; 3) that the plea court violated his right to free speech
when it enhanced his sentence based on his comments at sentencing. This
Court will deny the petition. Burkhalter's first ground for relief was
previously raised in state court where the Missouri Court of Appeals denied
the claim on its merits. This Court will defer to that decision under 28 U.S.C.
§ 2254(d). Burkhalter failed to present his second and third grounds for relief
in state court, so he is procedurally barred from doing so in this proceeding.

## Statement of Exhibits

In support of this memorandum, this Court cites the following exhibits
as set out in the response to show cause, doc. #11.

1. Respondent's Exhibit A is a copy of the legal file from Burkhalter's
   state post-conviction appeal.

2. Respondent's Exhibit B is Burkhalter's brief on post-conviction appeal.

3. Respondent's Exhibit C is a copy of the State's brief on post-conviction
   appeal.

4. Respondent's Exhibit D is a copy of the Missouri Court of Appeals's
   decision affirming the denial of post-conviction relief.

2

## Statement of Facts

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence" 28 U.S.C. 2254(e). During Burkhalter's post-conviction appeal, the Missouri Court of Appeals summarized the relevant facts as follows:

> Jeremy Burkhalter pleaded guilty in the Circuit Court of the City of St. Louis to one count of the class C felony of first-degree tampering and one count of the class D felony of resisting arrest. The court accepted his pleas and, after he admitted committing prior felonies, found him to be a prior and persistent offender. The court deferred sentencing so Burkhalter could be evaluated for possible participation in drug court. Burkhalter was admitted to drug court but was terminated from the program after a little over thirteen months.
>
> Subsequently, Burkhalter appeared before the plea court for sentencing in this case. The State recommended a sentence of eighteen years in prison, noting that Burkhalter had twelve felony convictions. Defense counsel requested leniency and asserted that Burkhalter appreciated the opportunity to participate in drug court and had been "compliant with the program"—that he had not stolen the credit card that "got him terminated from drug court." Defense counsel said that Burkhalter would like to address the court.
>
> The court indicated that it would allow Burkhalter to speak in allocution, but that it did not know whether hearing from him or anyone else would

3

change its sentencing opinion. The court stated that it had given Burkhalter "an incredible opportunity," but that he had been terminated from drug court and had picked up a new case. The court said that when "you've got a drug court willing to help you and you're looking at potentially 15 years you make better decisions." The court noted that Burkhalter's allocution might convince it "to do something different on *either* side of the equation." (emphasis added).

Burkhalter thanked the court for the opportunity to participate in drug court, and acknowledged that he had "messed that up." He requested mercy, however, stating that he wanted to be able to care for his two small children and his mother. The court responded that Burkhalter's allocution simply made it more upset with his behavior because wanting to care for his family should have caused him to comply with the terms of the drug court. The court sentenced Burkhalter to consecutive terms of fifteen years in prison for first-degree tampering and three years in prison for resisting arrest.

(Resp. Ex. D at 2–3).

## Discussion

## I.  Trial counsel was not ineffective for failing to object to the trial court's comments at sentencing. This Court should defer to the Missouri Court of Appeals's decision on this issue (responds to Ground 1).

In his first ground for relief, Burkhalter argues that his trial counsel was ineffective for failing to object when the trial court enhanced his sentence based on statements that he made at sentencing. Burkhalter raised the same claim during his state post-conviction appeal where he claimed that trial

4

counsel should have objected because the sentencing court's actions violated his right to free speech. (Resp. Ex. B). The Missouri Court of Appeals denied Burkhalter's claim. (Resp. Ex. D). Claims that have been previously adjudicated on the merits in state court "shall not be granted" relief unless the state court's decision contradicted or unreasonably applied clearly established federal law or resulted in an unreasonable determination of the facts. 28 U.S.C. §2254(d).

The Missouri Court of Appeals applied the proper standard for evaluating whether counsel was ineffective. (Resp. Ex D at 4); *see Strickland v. Washington,* 466 U.S. 668 (1984). To succeed under the *Strickland* ineffectiveness standard, a petitioner show that counsel's conduct fell below reasonable professional standards and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistances." *Strickland,* 466 U.S. at 689.

Burkhalter failed to show that counsel's conduct was unreasonable or that he was prejudiced by counsel's actions. The Missouri Court of Appeals found that the sentencing court did not punish Burkhalter for exercising his First Amendment rights. "Rather, the record shows, at most, that the court may have given Burkhalter a less favorable sentence because it believed that

5

his plea for mercy was disingenuous and betrayed a lack of remorse for or understanding of the gravity of the crimes he had committed and for which he was being punished." (Resp. Ex. D at 5). Under Missouri law, the sentencing court was allowed to consider Burkhalter's apparent lack of remorse and failure to take proper responsibility for his actions. (Resp. Ex. D at 5) (citing *State v. Collins,* 290 S.W.3d 736, 747 (Mo. Ct. App. 2009)). The sentencing court had "a duty to undertake a case-by-case evaluation in determining the appropriate punishment for each crime, and a court may take into account the character of the defendant, including his attitude concerning the offense." (Resp. Ex. D at 5) (citing *State v. Lindsey,* 996 S.W.2d 577, 579-80 (Mo. App. W.D. 1999)).

Burkhalter failed to make any showing that the sentencing court considered any information it was not permitted to consider. While the sentencing court was not allowed to consider Burkhalter's abstract beliefs or political views, it was allowed to consider his attitude and his reasons for failing to complete the drug court program. *See e.g., Wisconsin v. Mitchell,* 508 U.S. 476, 486–86 (1993) (sentencing court may not consider defendant's abstract beliefs); *Bangert v. United States,* 645 F.2d 1297, 1308 (8th Cir. 1981) (sentencing court may not consider defendant's political beliefs). Because the sentencing court did not violate Burkhalter's first amendment rights, his counsel was not ineffective for declining to make a meritless

6

objection on that ground. And Burkhalter could not have been prejudiced by counsel's failure to object, because any objection would have been meritless and could not have changed the outcome of the proceeding. This Court defers to the Missouri Court of Appeals's decision on this issue and denies Burkhalter's first ground for relief.

## II.   Burkhalter's second ground for relief is procedurally defaulted and meritless.

In his second ground for relief, Burkhalter argues that the circuit court erred in sentencing him as a prior and persistent offender, which allowed the court to impose a higher sentence. Burkhalter's claim was denied in the Missouri Court of Appeals because he failed to raise it according to state procedural rules; thus his claim is procedurally defaulted and this Court will deny it on that ground. But even if Burkhalter's claim were properly preserved, it is refuted by the record.

### A.   Procedural Default

A prisoner seeking federal habeas relief must first exhaust the remedies available in state court. 28 U.S.C. § 2254(b). State courts are entitled to the first opportunity to address and correct alleged violations of the prisoner's federal rights. *Coleman v. Thompson,* 501 U.S. at 731 (citing *Rose v. Lundy,* 455 U.S. 509 (1991)). To preserve issues for federal habeas review, a prisoner must fairly present his claims to state courts during direct

appeal or state post-conviction proceedings. *Sweet v. Delo,* 125 F.3d 1144, 1149 (8th Cir. 1997). Where the petitioner fails to present his claims in state court, he "'forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards.'" *Greer v. Minnesota,* 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Clemons v. Luebbers,* 381 F.3d 744, 750 (8th Cir. 2004)).

Here, Burkhalter failed to raise a claim challenging his prior and persistent status during post-conviction review proceedings. (Resp. Ex. A at 44–75). Missouri procedure requires that a claim be presented "at each step of the judicial process" in order to avoid default. *Jolly v. Gammon,* 28 F.3d 51 (8th Cir. 1994) (citing *Benson v. State,* 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)).

Burkhalter tried to challenge his prior and persistent offender status during his post-conviction review, but the Missouri Court of Appeals declined to review the claim "because it was not preserved and there is no plain error review in appeals from the denial of relief under Rule 24.035." (Resp. Ex. D at 3) (citing *Hoskins v. State,* 329 S.W.3d 695, 696 (Mo. 2010)). Even if the Missouri Court of Appeals could have reviewed Burkhalter's claim for plain error, that review would not cure Burkhalter's procedural default. *Clark v. Bertsch,* 730 F.3d 873, 876 (8th Cir. 2015).

Because Burkhalter failed to properly present his claim in state court, the state decision on this matter rests on "independent and adequate state procedural grounds" and the claim preserves nothing for federal habeas review. *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991). This Court will deny the claim as procedurally defaulted.

**B.    Merits**

Even if Burkhalter's claim were not procedurally defaulted, the Court will still deny it as meritless. Burkhalter complains that his fifteen-year sentence for first-degree tampering exceeded the authorized sentence for that crime. First-degree tampering is a class C felony under Missouri law. Mo. Rev. Stat. § 569.080 (2014). But Missouri allows increased punishments for defendants who have previously been convicted of felonies. A "persistent offender" is one who has been found guilty of two or more felonies committed at different times. Mo. Rev. Stat. § 558.016.1(3)(3) (2014). During his guilty plea, Burkhalter admitted that he had committed felony stealing on two different occasions, and had previously been found guilty of those crimes. (Resp. Ex. A at 22). The court found Burkhalter to be a persistent offender. (Resp. Ex. A at 22). Because Burkhalter was a persistent offender, the Court was authorized to sentence him to a term authorized for a class B felony. Mo. Rev. Stat. §558.016.7 (2014). The authorized sentence for a class B felony is a term of imprisonment not longer than fifteen years' imprisonment. Mo. Rev.

9

Stat. § 558.011 (2014). Burkhalter's sentence was within the authorized range of punishment and his second ground for relief is meritless.

## III. Burkhalter's third ground for relief is procedurally defaulted and meritless.

In his third ground for relief, Burkhalter argues that the sentencing court violated his right to free speech when it enhanced his sentence based on his comments at sentencing. As discussed above, Burkhalter raised a similar claim in state court under a theory of ineffective assistance of counsel. *See* (Resp. Ex. B). But Burkhalter cannot seek relief in this proceeding under a legal theory that was not presented in state court. *Flieger v. Delo,* 16 F.3d 878, 885 (8th Cir. 1994). Because Burkhalter failed to present his claim in state court, he has forfeited his right to review in this Court. *Greer v. Minnesota,* 493 F.3d 952 at 957. This Court will deny the claim as procedurally defaulted.

Even if the claim were not procedurally defaulted, the Missouri Court of Appeals found Burkhalter's allegations that the sentencing court violated his free-speech rights to be meritless. (Resp. Ex. D). As discussed above in Part I, the Missouri Court of Appeals's decision on that issue is entitled to deference under 28 U.S.C. § 2254(d). Even if this Court were to evaluate Burkhalter's claim under the new legal theory he suggests, the core of his claim is still without merit.

10

## IV.  Burkhalter's fourth ground for relief is meritless.

Burkhalter raises a final issue in his "Traverse" to the state's Response to Show Cause. As this Court understands his argument, in State v. Bazell, 497 S.W.3d 263 (Mo. Banc 2016), the Missouri Supreme Court disallowed the stealing offenses used to establish his status as a prior and persistent offender. Although Burkhalter concedes that the Supreme Court later held that its decision in Bazell in not retroactive so to apply in his case, he now claims that Bazell was a substantive change in the law that must be retroactive. He is mistaken. In Wainwright v. Stone, 414 U.S. 21, 23-24 (1973), the U. S. Supreme Court held that a state supreme court is not constitutionally compelled to make retroactive a different interpretation of a state statute. Under this authority, the Missouri Supreme Court held in State ex rel. Windeknecht v. Mesmer, 530 S.W.3d 500, 502 (Mo. banc 2017), that "the Court orders the Bazell's holding only applies forward, except those cases pending on direct appeal." Because Burkhalter plead guilty and did not bring a direct appeal, there is no retroactive application of the Bazell holding.

## Conclusion

For the foregoing reasons, the Court will deny the petition for a writ of habeas corpus.

11

**SO ORDERED** this _11-4_ day of June, 2020


STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE